UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
    Plaintiff,

vs.

CHALED XXIV, LLC and LA ESTRELLA
DE ORO JOYERIA #3 INC.,
    Defendants.

## COMPLAINT

Plaintiff, EMILIO PINERO (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, CHALED XXIV, LLC and LA ESTRELLA DE ORO JOYERIA #3 INC. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a pawnshop located on or about 1020 E 25th Street, Hialeah, FL 33013 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in the Southern District.

1

## PARTIES

4. Plaintiff, EMILIO PINERO, is over the age of 18, *sui juris*, and a resident of Maimi-Dade County, Florida. Plaintiff is a double-leg amputee from the knee down, requires the use of a wheelchair for mobility purposes, and is a qualified individual under the ADA.

5. Defendant, CHALED XXIV, LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

6. Pursuant to the Miami-Dade County Property Appraiser's Office, Defendant, CHALED XXIV, LLC, is the owner of the Subject Premises.

7. Defendant, LA ESTRELLA DE ORO JOYERIA #3 INC., is a Florida profit corporation which is authorized to and does transact business in the State of Florida and within this judicial district, and is the owner/operator of the pawnshop "LA ESTRELLA DE ORO # 21" located at Subject Premises.

8. According to the Florida Department of Agriculture and Consumer Services, the Defendant, LA ESTRELLA DE ORO JOYERIA #3 INC., d/b/a LA ESTRELLA DE ORO # 21, was issued a Pawnshop license on October 9, 2008 for the Subject Premises.

## FACTUAL ALLEGATIONS AND CLAIM

9. Plaintiff, in his individual capacity, has visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

10. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

11. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

12. Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

13. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

14. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

15. As the Subject Premises was designed, constructed, and received its State Licensure in 2008, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure.

16. The Subject Premises, as a public accommodation, service establishment, and sales or rental establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

17. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

18. Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

19. On or about October 20, 2024, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

20. Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

21. Plaintiff restates Paragraphs 1-21 as though fully set forth herein.

22. Defendants, CHALED XXIV, LLC and LA ESTRELLA DE ORO JOYERIA #3 INC., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

23. CHALED XXIV, LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

24. LA ESTRELLA DE ORO JOYERIA #3 INC., as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

25. The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Accessible Parking**

**i. Non-Compliant Surface Slope in Accessible Parking Space**
Plaintiff is unable to park safely in the designated accessible parking space due to a non-compliant surface slope. ADA regulations require accessible parking spaces to have a surface slope that does not exceed 2% in any direction. This violates §502.4 of the ADAAG and §502.4 of the 2010 ADA Standards. Reworking or repaving the parking space to meet slope requirements is readily achievable.

**ii. Non-Compliant Surface Slope in Access Aisle**
Plaintiff is unable to use the access aisle safely due to an excessive surface slope. Access aisles must have a slope not exceeding 2% in any direction to ensure stability for individuals using mobility aids. This violates §502.4 of the ADAAG and §502.4 of the 2010 ADA Standards. Regrading or repaving the access aisle to provide a compliant slope is readily achievable.

**iii. Faded Accessible Parking Lines and Access Aisles**
Plaintiff is unable to easily identify accessible parking spaces due to faded lines marking the accessible parking and access aisles. Properly marked spaces ensure that individuals with disabilities can locate and use the designated spaces effectively. This violates §502.3 of the ADAAG and §36.211 of the 2010 ADA Standards. Re-striping the parking space and access aisle is readily achievable.

**iv. Accessible Parking Space Not Located on Shortest Accessible Route**
Plaintiff is unable to reach the entrance efficiently as the accessible parking space is not located on the shortest accessible route to the facility entrance. ADA regulations require that accessible parking spaces be positioned as close as possible to an accessible entrance. This violates §208.3.1 of the ADAAG and §208.3.1 of the 2010 ADA Standards. Relocating the accessible parking space is readily achievable.

### Accessible Route

**v. Missing Curb Ramp at Sidewalk Crossing**
Plaintiff is unable to navigate the sidewalk safely as there is no curb ramp where the accessible route crosses the curb. ADA regulations require a curb ramp with a maximum running slope of 8.33% to allow wheelchair users to traverse changes in level. This violates §406.1 of the ADAAG and §406.1 of the 2010 ADA Standards. Installing a compliant curb ramp is readily achievable.

**vi. Non-Compliant Cross Slope on Accessible Route**
Plaintiff encounters difficulty using the accessible route due to an excessive cross slope, making wheelchair maneuvering difficult. The cross slope on accessible routes must not exceed 2%. This violates §403.3 of the ADAAG and §403.3 of the 2010 ADA Standards. Regrading or repaving the accessible route to correct the slope is readily achievable.

**vii. Vertical Change in Level Along Accessible Route**
Plaintiff is unable to safely traverse the accessible route due to a vertical change in level. Changes in level must be no greater than 0.5 inches and must be beveled if greater than 0.25 inches. This violates §403.4 of the ADAAG and §303.3 of the 2010 ADA Standards. Modifying the route to eliminate vertical changes in level is readily achievable.

### Counter

**viii. No Accessible Portion of Counter Provided**
Plaintiff is unable to use the counter as it does not provide a designated lowered section for wheelchair users. At least a portion of the counter must be no more than 36 inches in height and at least 36 inches in length to be accessible. This violates §904.4.1 of the ADAAG and §904.4.1 of the 2010 ADA Standards. Modifying the counter to include an accessible section is readily achievable.

26.  The barriers, conditions, and violations described above are not exhaustive but represent those personally encountered by Plaintiff. These violations deprive Plaintiff and other similarly situated individuals of full and equal enjoyment of the Subject Premises, in violation of 42 U.S.C. § 12182 and the ADAAG.

27.  A comprehensive inspection of the Subject Premises is in the best interest of all individuals with disabilities, including Plaintiff, to ensure full compliance with the ADA and ADAAG for all disabled persons. An inspection would also benefit all parties to this action. For Plaintiff, it would reduce the likelihood of further discrimination, difficulty, frustration, and social

embarrassment from encountering additional barriers to access after achieving full and unrestricted access to all public areas of the Subject Premises. For Defendants, the inspection would allow for the efficient identification and remediation of all barriers to access, enabling the Subject Premises to comply with the ADA, which has been in effect for over three decades, and thereby prevent future discrimination against individuals with disabilities.

28. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

29. In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

30. Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

31. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or

expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

32. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

33. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

34. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

35. Plaintiff requests an inspection of the Subject Premises in order to determine all of the discriminatory acts violating the ADA, including specifically those barriers to access concealed when Plaintiff encountered and observed the initial barriers to access detailed above.

36. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and

awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

                                            Respectfully submitted,

                                            /s/ Lauren N. Wassenberg
                                            Lauren N. Wassenberg, Esq. (FBN: 34083)
                                              *Attorney for Plaintiff*
                                            Lauren N. Wassenberg & Associates, P.A.
                                            33 SE 4th St., Ste. 100
                                            Boca Raton, Florida 33432
                                            844-702-8867
                                            WassenbergL@gmail.com